# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

TAMELA R. JOHNSON,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,[1]
Commissioner,
Social Security Administration,

        Defendant.

Case No. 06-CV-147-FHM

## ORDER

    Plaintiff, Tamela R. Johnson, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

    The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less

---

[1] Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue Commissioner of Social Security Administration, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's November 26, 2003, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Richard A. Say was held April 21, 2005. By decision dated June 28, 2005, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on January 13, 2006. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born May 11, 1965, and was 30 years old at the time of the hearing. She has a high school education and formerly worked as laundry worker, nursing home housekeeper, quality control technician, dietary aide, and cashier.  She claims to have been unable to work since October 15, 2003, as a result of epilepsy, dizzy spells, back problems and depression.  The ALJ determined that although Plaintiff does have seizures,  she retains the residual functional capacity (RFC) for light work, with functional limitations such as the need to avoid heights, moving machinery, driving and operating mechanical equipment. [R. 21].  Based on the testimony of a vocational expert, the ALJ found that with these limitations Plaintiff was not precluded from performing her past relevant work as a cashier and quality control technician, both as she performed those jobs and as they are performed in the national economy.  The case was thus decided at step four of the five-step evaluative sequence for determining whether Plaintiff is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Plaintiff argues that the ALJ: (1) failed to take into account her low back pain at step two and in the RFC at step four; (2) failed to properly consider whether her seizure disorder met or equaled a listing; (3) failed to consider medication side effects in assessing her credibility; and (4) failed to take into account her 15 pound lifting limitation at step 4.[3] Based on the following analysis, the court concludes that the Commissioner's decision must be REVERSED and the case REMANDED.

### Consideration of Low Back Pain

Plaintiff asserts that the record supports the existence of low back pain that would impact her ability to work such that it should have been considered a "severe" impairment at step two. Plaintiff also asserts that her treating physician's restriction of no lifting over 15 pounds [R. 147] should have been included in the RFC and the hypothetical questioning to the vocational expert. According to Plaintiff, such a restriction precludes her performance of her past relevant work.

---

[3] The Scheduling Order entered in this case contains specific directions about the required format of the briefs. [Dkt. 8]. Section II of the Order requires Plaintiff to "list and number each specific error the Commissioner or ALJ made in concluding that Plaintiff was not disabled." [Dkt. 8, p. 2] [emphasis supplied]. Generic identification of errors, such as "[t]he ALJ failed to perform a proper determination at steps 2 and 3" and "[t]he ALJ failed to perform a proper determination at step 4" [Dkt. 15, p. 2] do not comply with the Scheduling Order requirement of specificity. The Court's formulation of Plaintiff's allegations of error is an example of the level of specificity required, as is the listing of issues in the Commissioner's brief. [Dkt. 16; § I].

Plaintiff and counsel are advised they are required to follow the Scheduling Order's requirement specifically listing errors and to couple that with the development of argument by showing both error and how it requires relief in the case. A disjointed, rambling, stream of consciousness list of complaints following a generic non-specific list of errors may not be sufficient to preserve error. Further, when authority is cited without any attempt to clearly relate the principles espoused therein to the case at hand, the party risks waiving the alleged error. *See generally U.S. v. Kunzman*, 54 F.3d 1522, 1534 (10th Cir. 1995)(issues nominally raised, but not briefed not raised adequately on appeal and therefore not considered on the merits).

At step two, the claimant must prove she has a medically severe impairment or combination of impairments that significantly limits the ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a). The severity determination is based solely on medical factors. *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003). Although step two requires only a "de minimis" showing of an impairment, a "claimant must show more than the mere presence of a condition or ailment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997).

The ALJ noted Plaintiff's complaint of back pain. [R. 19]. He also noted, accurately, that Plaintiff's treating physician limited her lifting to 15 pounds, based on her subjective complaints as the x-ray showed no evidence of misalignment, fracture, subluxation or arthritis. [R. 151]. The ALJ also noted that Plaintiff had been prescribed Flexaril for muscle spasm and Darvocet for pain. However, he concluded that the dosages do not support allegations of disabling pain. Then he concluded "[w]ith an absence of supportive objective medical evidence for the alleged back pain, the alleged back pain is not considered to be a severe impairment." [R. 19]. The ALJ's analysis mixed two concepts together: the existence of a medically severe impairment, and the credibility of Plaintiff's allegations that the alleged pain is disabling.

The medical record reflects that on February 16, 2004, Plaintiff told the consultative examiner that no other reason besides seizures keeps her from working. [R. 124]. However, that situation changed. The first complaint of back pain appeared in an emergency room record dated May 25, 2004. Plaintiff reported complaints of low back pain over the last two days. [R. 188]. She reported the pain started with a seizure a couple of weeks ago, but got worse. [R. 189]. There is no further mention of back pain until

4

November 2004 when Plaintiff was seen on the 8th and 30th for low back pain for which her physician limited Plaintiff to lifting 15 pounds. [R. 146-150]. X-rays were taken which showed no lumbar spine or left hip problems. [R. 151]. When Plaintiff was seen in March 2005, she was still complaining of back pain, and was found to be very tender to palpation. [R. 160, 163].

Based on the foregoing information extracted from the record, the court concludes that the ALJ incorrectly determined that back pain did not qualify as a severe impairment at step two. The court notes that the limitation to lifting only 15 pounds does not appear to affect the ALJ's determination that Plaintiff could return to her former work as a cashier or quality control technician as previously performed because in the work history report Plaintiff completed, she indicated the heaviest weight she lifted as a cashier was 10 pounds and that she frequently lifted only 10 pounds. [R. 60]. On the same form she indicated the heaviest weight lifted as a quality control technician was less than 10 pounds. [R. 63]. However, the ALJ's error at step two may have affected the RFC finding with regard to the amount of standing or walking Plaintiff is able to do. Therefore the decision must be reversed for consideration of Plaintiff's alleged back pain on her ability to work.

## Credibility Analysis

The court finds that the ALJ's credibility determination is infirm. The record has several consistent statements that the medication Plaintiff is required to take to control her seizures, Tegretol, causes her to be groggy and nauseated. [R. 66, 71, 129]. The ALJ failed to address how medication side effects impact Plaintiff's credibility and her ability to work.

**Lisings Analysis**

The court rejects Plaintiff's assertion that the ALJ failed to properly address the Listing of Impairments. The Listing of Impairments describe, for each of the major body systems, impairments which are considered severe enough to prevent a person from performing any gainful activity. 20 C.F.R. Pt. 404, Subpt. P, App.1. It is well established that *all* of the specified medical criteria must be matched to meet a listing. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988). It is Plaintiff's burden to show that her impairment is equivalent to a listing. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

Listings 11.02 and 11.03 address seizure disorders. They both require a documented seizure pattern of a specified frequency, "in spite of at least 3 months of prescribed treatment." 20 C.F.R. Pt. 404, Subpt. P, App.1. §§ 11.02, 11.03. The ALJ stated the evidence does not demonstrate that Plaintiff met either listing "because claimant has not been compliant with medical treatment and her seizures do not meet the frequency criteria set forth in the regulations." [R. 19]. Plaintiff asserts that she could not afford the proper dose of her anti-seizure medication until November 2004, after which time she was fully compliant. The medical record contains blood tests which show Plaintiff was within a therapeutic range on November 8, 2004 and March 23, 2005. [R. 154, 158]. When Plaintiff saw Neurologist Dr. J. Wade on March 21, 2005, he recorded she had generalized tonic clonic seizures 2-3 times per month. [R. 160]. Assuming that Plaintiff was at a therapeutic level of her anti-seizure medication from November 2004 through March 2005, that number of seizures does not meet the frequency requirement of Listing § 11.03, which is one per

week. The medical record also demonstrates that Plaintiff's last grand mal seizure was in September 2004. Listing § 11.02 requires a frequency of more than once a month.

### Conclusion

For the reasons expressed, the court holds that the existing record and findings will not support the denial of benefits on the ALJ's stated rationale and, therefore the case must be REVERSED and REMANDED for further proceedings.

SO ORDERED, this 2nd day of May 2007.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE