IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

TAMELA R. JOHNSON,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner,
Social Security Administration,

        Defendant.

Case No. 06-CV-147-FHM

## ORDER

The following motions are before the undersigned United States Magistrate Judge for decision: Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Dkt. 21]; Motion to Vacate Order Pursuant to Fed.R.Civ.P. 60(b), [Dkt. 27]; and Plaintiff's Motion to Strike Defendant's Surreply Brief [Dkt. 29]. Plaintiff's Motion for Attorney Fees [Dkt. 21] is GRANTED, as provided herein. The Motions to Vacate [Dkt. 27] and to Strike [Dkt. 29] are DENIED.

### Motion for Fees

Following a favorable decision in this court on her appeal of a Social Security decision, Plaintiff seeks an award of attorney fees and expenses in the amount of $4,941 for 30.5 hours work under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2814(d). The EAJA provides for an award of attorney fees and costs, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United

> States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412 (d)(1)(A).

The Commissioner opposes the application for fees on the basis that a footnote in the Court's Order remanding the case noted that Plaintiff's brief failed to follow the dictates of the Scheduling Order which requires Plaintiff to "list and number each specific error the Commissioner or ALJ made in concluding that Plaintiff was not disabled." [Scheduling Order, Dkt. 15, p. 2]. The footnote also advised that the development of argument should show both the error and how it requires relief in the case, noting that "[a] disjointed, rambling, stream of consciousness list of complaints following a generic non-specific list of errors may not be sufficient to preserve error." [Dkt. 19, p.3 n3].[1] According to the

---

[1] The footnote was intended to encourage Plaintiff's counsel to organize his brief so as to focus the Court's review on the alleged errors and why they support relief in the case. Adhering to the Scheduling Order is a way to accomplish that. The Scheduling Order requires counsel to identify the alleged errors with specificity so the Court's review of the case is focused. When the alleged errors are broadly stated, when a number of alleged errors are discussed within a single section, or when legal principles are stated without any explanation of how those principles are connected to the case, it is difficult for the Court to follow the argument. More importantly, if the Court cannot follow the argument there is risk that an issue important to the case will be overlooked.

In Plaintiff's opening brief the "Specific Errors for Review" were identified, as follows:

> (1). The ALJ failed to perform a proper determination at steps 2 and 3 of the sequential evaluation process. (2). The ALJ failed to perform a proper credibility determination. (3). The ALJ failed to perform a proper determination at step 4 of the sequential evaluation process.

[Dkt. 15, p. 2]. Those points could hardly be more generic. They say nothing about the facts of the case and give the Court no clue as to what it should be looking for when it reviews the record. Then, rather than presenting a straightforward statement of the alleged error, supported by references to the record, the argument concerning steps two and three consists largely of a series of loosely connected statements that require the Court to attempt to glean Plaintiff's point.

The Court interpreted the ALJ's failure to find Plaintiff's back pain as a severe impairment at step two as being Plaintiff's main complaint. However, that concept is somewhat hidden in a the following statement: "[The ALJ] denied that Claimant had significant low back complaints to qualify as a severe impairment." *Id*. The following concise statement of the issue is found on page 3 of the brief, but it too is hidden in the middle of a paragraph and flanked by comments about Plaintiff's pain medication, the ALJ's interjection of his own

(continued...)

Commissioner, the Court should "significantly reduce Plaintiff's EAJA award to an amount that reflects the contributions of Plaintiff's brief to the Court's consideration of the legal principles and facts in this case." [Dkt. 22, p. 2]. The Commissioner posits that since Plaintiff's brief did not comply with the Court's Scheduling Order, the fees awarded should be reduced by $2,754, which is the 17 hours the application for fees indicates was spent writing the opening brief.

The Court finds that, despite its comments about the organization of Plaintiff's brief, the issues upon which the remand is based (failure of the ALJ to consider Plaintiff's back pain as a severe impairment at step two, and failure of the ALJ to address the effect of medication side effects on Plaintiff's ability to work) were raised and briefed by Plaintiff. Therefore, there will be no reduction in the EAJA fee award.

The Plaintiff's Motion for Attorney Fees requests that his counsel, Timothy M. White, be awarded an attorney fee pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. [Dkt. 21, p. 2; Dkt. 23, p. 7; Dkt. 24, ¶ 3]. Under the terms of the Act, the Court is

---

[1] (...continued)
medical expertise, and obesity:

> The ALJ erred when he said there was "an absence of supportive objective medical evidence for alleged back pain." (T 19). Tenderness to palpation, muscle spasms, decreased and painful range of motion of the back, and positive straight raising tests are all positive signs that constitute objective medical evidence. (T 148, 161, 163, 176, 186-187).

If that statement appeared at the beginning of Plaintiff's argument about step two, there would be no chance for the Court to miss the issue. Further, the Court would be directed to the precise places in the record that support Plaintiff's assertion.

There are also instances in Plaintiff's brief where unrelated issues are run together or merely mentioned without any development. For example within the section addressing the ALJ's credibility analysis, Plaintiff includes a paragraph asserting that the ALJ failed to properly consider a treating physician's opinion. Tacked on the end of that paragraph is a comment that the ALJ failed to fully develop the record. [Dkt. 15, p. 6-7]. Again, when the lack of organization within a brief makes it difficult for the Court to determine what point the party is trying to get across, there is a risk the issue will be missed in the Court's review of the case.

authorized to award fees to a <u>prevailing party</u>. 28 U.S.C. § 2412(d)(1)(A). It is Plaintiff, not counsel, who is the prevailing party. Therefore under the terms of the Act, the Court is authorized to award fees to Plaintiff, not counsel. Consequently, the Court rejects the request that the fee award be paid directly to counsel.

Plaintiff is hereby awarded a reasonable attorney fee in the amount of $4,941, pursuant to EAJA.

If attorney fees are also awarded under 42 U.S.C. §406(b)(1) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff. *See Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

### Motion to Vacate

Plaintiff's Motion to Vacate Order Pursuant to Fed.R.Civ.P. 60(b), [Dkt. 27], is DENIED. That motion seeks to vacate the Order entered June 22, 2007, which granted Defendant leave to file a surreply brief. Plaintiff asserts that "due to mistake and inadvertence, the Court granted Defendant's Motion based on the assumption that Defendant's Motion was unopposed." [Dkt. 27]. In fact, the motion was granted without regard to whether it was opposed.

### Motion to Strike

Plaintiff's Motion to Strike Defendant's Surreply Brief [Dkt. 29] is DENIED. There is no merit to Plaintiff's argument that an Order granting leave to file a brief can in any way be construed as a judgment subject to the dictates of LCvR 62.1(b) regarding stays of proceedings to enforce judgments.

SO ORDERED this 27th day of July, 2007.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

4